**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3168-18T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KEITH L. WILLIAMS,

     Defendant-Appellant.

_____

          Submitted May 27, 2020 – Decided July16, 2020

          Before Judges Accurso and Gilson.

          On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 09-03-0234.

          Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

          Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Timothy P. McCann, Assistant Prosecutor, of counsel and on the briefs).

          Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Keith Williams appeals from a January 28, 2019 order denying his petition for post-conviction relief (PCR). The PCR court heard oral argument, determined that defendant had not made a prima facie showing his trial or appellate counsel provided ineffective assistance and, therefore, an evidentiary hearing was not necessary. Defendant contends that his various allegations of ineffective assistance of counsel warranted an evidentiary hearing. We disagree and affirm.

I.

On May 1, 2008, twenty-year-old Arrel Bell was found dead in a park in Trenton. Following an investigation, defendant and three co-defendants were indicted for first-degree conspiracy to commit murder. At trial, the State presented evidence that defendant was a senior member of the Bloods street gang and he authorized Bell's murder after Bell implicated a co-defendant in two armed robberies.

A jury convicted defendant of first-degree conspiracy to commit murder, N.J.S.A. 2C:11-3(a)(1) and N.J.S.A. 2C:5-2. He was sentenced to twenty years in prison with periods of parole ineligibility as prescribed by the No Early Release Act, N.J.S.A. 2C:43-7.2.

2

Defendant appealed and we affirmed his convictions and sentence. State v. Williams, No. A-6176-12 (App. Div. June 14, 2016). In that opinion, we detailed the facts and procedural history and, therefore, we need not repeat those details in this opinion. The Supreme Court denied certification. State v. Williams, 228 N.J. 401 (2016).

In February 2017, defendant filed a petition for PCR. He was assigned counsel and, with the assistance of counsel, supplemented his papers and filed additional certifications. The PCR court then heard oral argument on January 11, 2019. Later that month, on January 28, 2019, the PCR court issued an order and opinion denying defendant's petition.

II.

On appeal, defendant makes six arguments contending that he was entitled to an evidentiary hearing on his allegations that his prior trial and appellate counsel were ineffective. His PCR counsel articulates his first five arguments as follows:

> POINT ONE – THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING BECAUSE TESTIMONY IS NEEDED REGARDING TRIAL COUNSEL'S FAILURE TO ARGUE DEFENDANT'S POLICE DETAINMENT AND SUBSEQUENT CONFESSION WERE ILLEGALLY OBTAINED AS HE WAS

INVOLUNTARILY TAKEN FROM HIS HOME BY POLICE, BELIEVING HE WAS UNDER ARREST.

POINT TWO – THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING BECAUSE TESTIMONY IS NEEDED REGARDING TRIAL COUNSEL'S FAILURE TO HAVE DEFENDANT TESTIFY AT HIS <u>MIRANDA</u> HEARING.

POINT THREE – THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED REGARDING TRIAL COUNSEL'S FAILURE TO HAVE JUROR #8 AND JUROR #9 REMOVED FROM THE JURY PANEL DUE TO PREJUDICIAL COMMENTS MADE BY JUROR #9 TO JUROR #8 THAT MAY HAVE TAINTED HER BELIEF OF DEFENDANT'S INNOCENCE.

POINT FOUR – THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING AS TRIAL COUNSEL MUST EXPLAIN HIS DECISION TO REFERENCE TO THE JURY THE REDACTED PORTIONS OF DEFENDANT'S STATEMENT TO POLICE.

POINT FIVE – THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED REGARDING TRIAL COUNSEL'S FAILURE TO OBJECT TO PREJUDICIAL TESTIMONY REGARDING THE DETAILS OF THE VICTIM'S MURDER AS WELL AS TO THE PUBLICATION OF AUTOPSY PHOTOS.

A-3168-18T2

Defendant also submitted his own supplemental brief where he added a sixth argument:

> [POINT SIX] – DEFENDANT WAS DENIED HIS 6TH AMENDMENT RIGHT WHEN THE PCR COURT FAILED TO CONSIDER HIS CLAIM REGARDING APPELLATE COUNSEL'S FAILURE TO RAISE THE ISSUE THAT TRIAL COUNSEL FAILED TO HAVE JUROR #8 & #9 EXCUSED, AND THE REMAINING JURORS QUESTIONED, OR PROVIDE AN EVIDENTIARY HEARING TO FURTHER DEVELOP THE RECORD.

To establish a claim of ineffective assistance of counsel, a defendant must satisfy a two-part test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); accord State v. Fritz, 105 N.J. 42, 58-59 (adopting the Strickland test in New Jersey). The defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The defendant must affirmatively prove prejudice to the defense. Ibid.

Rule 3:22-10(b) provides that a defendant is only entitled to an evidentiary hearing on a PCR petition if he establishes a prima facie case in support of PCR. To establish a prima facie case, a defendant must demonstrate "the reasonable

likelihood of succeeding under the test set forth in <u>Strickland</u>." <u>State v. Preciose</u>, 129 N.J. 451, 463 (1992). Moreover, there must be "material issues of disputed fact that cannot be resolved by reference to the existing record," and the court must determine that "an evidentiary hearing is necessary to resolve the claims for relief." <u>State v. Porter</u>, 216 N.J. 343, 354 (2013) (quoting <u>R.</u> 3:22-10(b)). All of defendant's arguments fail because he cannot show any prejudice.

His first two arguments are related. First, he contends that his trial counsel was ineffective in failing to argue that the police detained him illegally before he gave his statement. Second, he argues that his counsel was ineffective in failing to call him to testify at his <u>Miranda</u>[1] hearing because he would have explained how he was illegally arrested before he gave his statement. To establish prejudice, defendant must show a reasonable probability that his statement to the police would have been suppressed because of his alleged illegal arrest. Defendant cannot make such a showing.

Before trial, the trial court conducted a hearing on the admissibility of defendant's statement. After hearing the evidence, the court determined that the statement was admissible because defendant was advised of his <u>Miranda</u> rights,

---

[1] <u>Arizona v. Miranda</u>, 384 U.S. 436 (1966).

he voluntarily, intelligently, and knowingly waived those rights, and agreed to speak with the police.

Defendant now argues that he never agreed to go with the police before he gave his statement. The flaw with that argument is that, if the police had the right to arrest defendant, he could have been taken into custody and his statement would still have been admissible because he was given Miranda warnings and waived his rights. See State v. Bell, 388 N.J. Super. 629, 636-37 (App. Div. 2006); accord New York v. Harris, 495 U.S. 14, 17 (1990) (holding that the exclusionary rule did not apply to a confession at a police station made by a defendant arrested in his home, even when the police entered the home illegally because the police had probable cause for the arrest).

The record establishes that there was probable cause to arrest defendant when the police executed the warrant to search his home. That warrant was executed just before he was taken to the police station where he gave his statement. At that point in their investigation, the police had already seen communications on MySpace where defendant and his co-defendants had conspired to murder Bell. The police had also already executed a warrant to search the home of Karim Sampson, a co-defendant, and they had seized Sampson's computer. Thus, by the time they executed the warrant at defendant's

7

home, the police had probable cause to believe that he had conspired to murder Bell and they could have arrested him.

In short, defendant can show no prejudice because even if he had been arrested, that arrest would have been legal, and he thereafter waived his Miranda rights. Accordingly, his statement would have been admitted even if his trial counsel had argued that he had been arrested before he gave the statement and even if defendant had testified at his Miranda hearing concerning his alleged illegal arrest.

In his third and sixth arguments, defendant contends that his trial and appellate counsel were ineffective in not moving to excuse two jurors – juror eight and juror nine – or in not raising that issue on direct appeal. During trial, juror eight heard juror nine make a comment: "Why do people do the things they do." The trial court was made aware of that comment and questioned both juror eight and nine. The prosecutor and defense counsel were also allowed to question those jurors. Both jurors testified that they still had open minds and that any comment made had no effect on their ability to keep an open mind and hear the evidence. Consequently, even if counsel had moved to exclude the jurors, that motion would not have had a reasonable chance of success and, therefore, defendant can show no prejudice. See State v. Brown, 442 N.J. Super.

153, 179-80 (App. Div. 2015) (quoting State v. Loftin, 191 N.J. 172, 187 (2007)) (explaining that a juror should be excluded if he or she cannot "review the evidence dispassionately through the light of reason").

In his fourth argument, defendant contends that his trial counsel was ineffective in referencing redacted portions of his statement in front of the jury. A de novo review of the record establishes that the portions of defendant's statement referenced by defense counsel did not materially add to the portions of defendant's statement that had already been admitted for the jury's consideration. Therefore, defendant can show no prejudice because defense counsel was trying to persuade the jury that defendant had embellished his statement and his argument was not prejudicial to defendant.

Finally, in his fifth argument, defendant contends that his trial counsel was ineffective in failing to object to certain prejudicial testimony regarding Bell's murder and the publication of autopsy photographs. The record establishes that the testimony concerning Bell's murder and the autopsy photographs shown to the jury were relevant, authenticated, and admissible. Accordingly, even if trial counsel had made objections, there is no reasonable showing that the objections would have been successful. See State v. Abdullah, 372 N.J. Super. 252, 270-71 (App. Div. 2004) (citation omitted) (explaining that

photographs of a victim are admissible unless their probative value is so significantly outweighed by their inflammatory potential as to have a probable capacity to divert the minds of the jurors from a reasonable and fair evaluation of the basic issue of guilt or innocence), rev'd on other grounds, 184 N.J. 497 (2005). Moreover, even if that evidence had been excluded, there was sufficient other evidence on which the jury could have convicted defendant of conspiring to murder Bell. See Strickland, 466 U.S. at 695.

In summary, having conducted a de novo review, defendant has failed to make a prima facie showing that his prior counsel's alleged errors caused him any prejudice. Thus, he was not entitled to an evidentiary hearing and the PCR court properly denied his petition.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION